UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kelly Marie Ryan,<br><br>Plaintiff,<br><br>vs.<br><br>National Credit Audit Corporation, *a/k/a* NCAC, *a foreign corporation*,<br><br>Defendant. | Civil File No:_____<br><br><br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, and under 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Kelly Marie Ryan ("Ryan" or "Plaintiff") is a natural person residing in the County of Scott, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant National Credit Audit Corporation, a/k/a NCAC ("NCAC" or "Defendant"), is a foreign corporation that operates as a "debt collector" as that

term is defined by 15 U.S.C. § 1692a(6) from an address of P.O. Box 515489, Dallas, Texas 75251-5489.

## FACTUAL ALLEGATIONS

6. Plaintiff incurred an alleged financial obligation with Hidden Valley for a lease agreement, which is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

7. The Hidden Valley financial obligation was primarily for personal, family or household purposes and is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

8. Plaintiff's alleged debt was consigned, transferred or otherwise sent to NCAC for collection from Plaintiff sometime prior to March 2013.

9. On or about March 12, 2013, Plaintiff received a written correspondence from NCAC in an attempt to collect a debt and in connection with the collection of a debt.

10. On or about May 2, 2013, Plaintiff's attorney sent a letter to NCAC to notify NCAC that Plaintiff was represented by an attorney and to notify NCAC that Plaintiff disputed the debt.

11. NCAC received the letter from Plaintiff's attorney on May 2, 2013 via facsimile. *See* Exhibit 1.

12. Based upon information and belief, NCAC also received the letter from Plaintiff's attorney via U.S. mail shortly after May 2, 2013 because the letter dated May 2, 2013 was not returned to sender.

13. On or about May 21, 2013, NCAC sent a letter directly to Plaintiff in an attempt to collect a debt and in connection with the collection of a debt when NCAC had actual knowledge that Plaintiff was represented by an attorney. *See* Exhibit 2.

14. NCAC violated 15 U.S.C. §§ 1692b(6), 1692c(a)(2), and 1692d because NCAC communicated with Plaintiff when NCAC had actual knowledge that Plaintiff was represented by an attorney.

15. Defendant's conduct caused Plaintiff actual damages under the FDCPA in the form of emotional distress, fear, humiliation and anxiety from being harassed by NCAC.

16. Plaintiff has incurred actual damages under the FDCPA in the form of out-of-pocket expenses as a result of NCAC's acts and omissions.

## TRIAL BY JURY

17. Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

18. Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

19. The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 et. seq.

20. As a result of said violations, Plaintiff has suffered actual damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

21. As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

22. As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

### COUNT I: FDCPA VIOLATIONS

- For declaratory and injunctive relief;
- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiff herein;
- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial;

- For such other and further relief as may be just and proper; and

Dated: May 30, 2013.                **MARSO AND MICHELSON, P.A.**


                By:   s/Patrick L. Hayes
                     Patrick L. Hayes (0389869)
                     Attorneys for Plaintiff
                     3101 Irving Avenue South
                     Minneapolis, Minnesota 55408
                     Telephone: 612-821-4817
                     phayes@marsomichelson.com